1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     BRANDEN WILLIE ISELI,                           No.  2:24-cv-1934 AC P

12                    Petitioner,

13           v.                                          ORDER AND FINDINGS AND
                                                         RECOMMENDATIONS
14     WARDEN,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18     corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

19     Examination of the in forma pauperis application reveals that petitioner is unable to afford the

20     costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28

21     U.S.C. § 1915(a).

22          In the instant petition, petitioner challenges his conviction for murder and attempted

23     murder in San Joaquin County Superior Court Case No. STK-CR-FE-2017-0016638.  ECF No. 1

24     at 2.

25          Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief

26     may not be filed in district court without prior authorization by the court of appeals.  Felker v.

27     Turpin, 518 U.S. 651, 657 (1996).  Prior authorization is a jurisdictional requisite.  Burton v.

28     Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)

                                                      1

1    (once district court has recognized a petition as second or successive pursuant to § 2244(b), it

2    lacks jurisdiction to consider the merits).  A petition is successive within the meaning of 28

3    U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal

4    court's previous resolution of a claim *on the merits*."  Gonzalez v. Crosby, 545 U.S. 524, 532

5    (2005) (emphasis in original).  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for

6    relief from a state court's judgment of conviction."  Id. at 530.  "Even if a petitioner can

7    demonstrate that he qualifies for one of [the] exceptions [to filing a second or successive

8    petition], he must seek authorization from the court of appeals before filing his new petition with

9    the district court."  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (citing 28 U.S.C.

10   § 2244(b)(3)).

11        The court's records reflect that petitioner has previously filed an application for a writ of

12   habeas corpus attacking the same conviction and sentence that is challenged in this case.  The

13   previous application was filed by the Clerk of the Court on August 22, 2022, and was denied on

14   the merits on March 13, 2023.  Iseli v. People of the State of California, No. 2:22-cv-1483 TLN

15   EFB (E.D. Cal.), ECF Nos. 1, 23, 31.  This court takes judicial notice of the record in that

16   proceeding.  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take

17   judicial notice of its own records in other cases.").

18        Because the instant petition is second or successive, before petitioner can proceed on his

19   claims, he must submit a request to the United States Court of Appeals for the Ninth Circuit to

20   issue an order authorizing the district court to consider the application and that request must be

21   granted.  28 U.S.C. § 2244(b)(3).  Petitioner has not provided any evidence that he has received

22   the required authorization.  The undersigned will therefore recommend that this action be

23   dismissed without prejudice to re-filing once petitioner receives authorization to proceed from the

24   Ninth Circuit.

25        Accordingly, IT IS HEREBY ORDERED that:

26        1.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED; and

27        2.  The Clerk of the Court randomly assign a United States District Judge to this action.

28   ////

2

1    IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice as

2  second or successive.

3    These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

5  after being served with these findings and recommendations, petitioner may file written

6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

7  Findings and Recommendations."  If petitioner files objections, he shall also address whether a

8  certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C.

9  § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may

10  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

11  1991).

12    If petitioner files objections, he may also address whether a certificate of appealability

13  should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules

14  Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it

15  enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the

16  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

17  § 2253(c)(2).

18  DATED: July 19, 2024

19  

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28